1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LEONARD C. JACOBS,

11              Petitioner,              No. CIV S-06-1025 FCD GGH P

12      vs.

13   KATIE MENDOZA-POWERS, et al.,

14              Respondents.             FINDINGS & RECOMMENDATIONS

15   _____/

16              Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee

18              The exhaustion of state court remedies is a prerequisite to the granting of a

19   petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must

20   be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion,

21   thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by

22   providing the highest state court with a full and fair opportunity to consider all claims before

23   presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276,  92 S. Ct. 509, 512

24   (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

25   _____

26   [1]  A petition may be denied on the merits without exhaustion of state court remedies.  28
     U.S.C. § 2254(b)(2).

1

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. Petitioner alleges that he raised his double jeopardy claim in a petition for review. Attached to the petition as an exhibit is a letter to petitioner from the Clerk of the California Supreme Court. The letter states that the petition for review was being returned to petitioner because it was not timely filed.

Because the California Supreme Court did not file and consider the merits of the petition for review, the court finds that the double jeopardy claim has not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner.[2] It appears that petitioner could file a habeas corpus petition with the California Supreme Court. Accordingly, the petition should be dismissed without prejudice.[3]

Good cause appearing, IT IS HEREBY ORDERED that the Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California; and

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file

/////

/////

---

[2] Whether or not the California courts would apply the "Dixon/Harris" rule (cannot bring a claim in habeas which should have been raised on direct review) is best left in the first instance with the state courts.

[3] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

written objections with the court.  The document should be captioned "Objections to Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 10/17/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
jacobs1025.fr

3